LE BLANC, Justice.
This matter was presented to the Civil District Court in and for the Parish of Orleans on the joint petition of the First National Life Insurance Company, a Louisiana corporation domiciled in the city of New Orleans; Samuel Zemurray, a resident of the said city, and the City of New Orleans appearing through its Mayor. The action is one instituted under the provisions of Act No. 431, of 1948, Act No. 22 of the Extraordinary Session of 1948, the self-styled: “Uniform Declaratory Judgments Act”. The interested parties seek a declaratory judgment upon the status and legal relation of title to realty, presently vested in the city of New Orleans under the terms and conditions of a trust agreement executed by Samuel Zemurray before Robert Legier, Notary, on August 25, 1937.
It is alleged in the petition that the said Zemurray was motiviated by a desire to provide revenue with which to operate the Institute of Mental Hygiene of the City of New Orleans, a charitable institution for the purpose of study, research and treatment in the said city in the field of mental hygiene and psychiatry.
One of the conditions imposed by the trust agreement is that “ * * * If the Institute so decides, any property which the City may acquire with the proceeds of this donation shall be sold, leased or otherwise disposed of at public or private sale upon such terms and conditions, as the Institute may fix and the proceeds thereof invested in other property selected 'by the Institute to be acquired 'by and for the City, and to be managed and disposed of in accordance with the directions of the Institute. * * All property acquired by the City through donation shall be held by the City subject to these provisions and none of such property shall be at any time subject to taxation or assessment.”
The City of New Orleans was incorporated under its present Charter by authority of Act No. 159 of the General Assembly for the State of Louisiana for the year 1912 which Act has been subsequently ' amended by various Acts of the Louisiana Legislature including the Session of 1936 and, by the provisions of section 1(c) of Act No. 338 of 1936, the City “may receive bequests, gifts ánd donations of all kinds of property in fee simple, or in trust for public, charitable, or other purposes, and. do all things and acts necessary to carry out the purpose of such gifts, bequests and donations, with power to manage, sell, lease or otherwise dispose of the same in accordance with the terms of the gift, bequest or donation”.
Section 56 of Act No. 159 of 1912, as amended by Act No. 46 of 1926 provides that: “the Commission Council shall have no power to make or renew, or extend any lease or make any sale of city property except after advertisement for five sepaate times within thirty (30) days and free competition and adjudication thereof by the Commissioner of Public Property to the *14 highest or lowest bidder, as the case may be, and accordingly as the specifications of said lease or sale may require; * * By the allegations of the joint petition it appears that petitioner, First National Life Insurance Company, has agreed to purchase the property, title to which is vested in the City of New Orleans, for the sum of $275,000.00 cash, for the purpose of erecting a large structure thereon but it is unwilling to hazard the cost involved 'by reason of the doubtful staths of the title of the property in the City of New Orleans under the method of sale proposed. It contends that when title to the said property was transferred to the City, under the circumstances disclosed, ownership thereof vested solely in the City of New Orleans and said property became public property, the sale of which can only be made by and upon the authority of the City and in accordance with Section 56 of the Charter of the City, by the Commissioner of Public Property after thirty days advertisement.
The question which was submitted to the District Court for adjudication by a declaratory judgment was whether the City could sell the property under section 1(c) of Act No. 338 of 1936 or should it be required to advertise the property for sale, as required by Section 56, as amended by Act No. 46 of 1926.
Upon submission to the lower court there was judgment decreeing that the First National Life Insurance Company should take • title to the property as tendered, at private sale, and without the necessity of thirty days advertisement and without complying with the provisions of Section 56 of the Charter of the City of New Orleans.
By the terms of Section 7 of Act No. 431 of 1948, Act No. 22 of the Extraordinary Session of 1948, all orders, judgments and decrees rendered under the said act “may be reviewed as other orders, judgments and decrees.” The First National Life Insurance Company availing itself of its right under the said section moved for a suspensive and devolutive appeal which was granted and made returnable to this Court.
The appellate jurisdiction of the Supreme Court as fixed and established by Section 10 of Article 7 of the Constitution of 1921, may be said to extend to seven different classes of cases which can be enumerated as follows:
1. Civil Cases: That includes Civil suits where the amount in dispute or the fund to be distributed, irrespective of the amount therein claimed, shall exceed $2000.00 exclusive of interest, except
(a) Suits for damages for physical injuries to, or for the death of a person, or for other damages sustained by such person or his legal heirs or his legal representatives arising out of the same circumstances.
(b) Suits for compensation under the State or Federal Workmen’s Compensation Law.
2. Domestic Relation Cases and Cases Relating to Persons: These include suits *16 for divorce • or separation from bed and board, suits involving alimony, those for the nullity of marriage, for interdiction, those involving the tutorship of minors, or curatorships of' interdicts, or those involving the legitimacy or custody of children, and all matters of adoption and emancipation.
3. Cases Involving the Constitutionality or Legality of Taxes, etc.:. Suits wherein the constitutionality or legality of any tax, local improvement assessment, toll or impost levied by the State, or by any parish, municipality, board or subdivision of the-State is contested.
4. Cases Involving the Constitutionality or Legality of Fines, etc.: Suits in which the legality or constitutionality of any fine, forfeiture, or penalty imposed by a parish, municipal corporation, board, or subdivision of the State shall be in contest whatever may be the amount thereof.
5. Cases Involving the Constitutionality of Ordinances, Laws, etc.: These include suits wherein an ordinance of a parish, municipal corporation, board, or subdivision of the State, or a law of this State has been declared unconstitutional.
6. Homestead Exemption Cases: This includes suits involving homestead exemptions, irrespective of the amount involved except in cases involving only movable property.
7. Criminal Cases: These include suits involving criminal cases, on questions of law alone, whenever the penalty of death or imprisonment at hard labor may be imposed or where a fine exceeding $300.00 or imprisonment exceeding six months has been actually imposed. (Emphasis supplied).
Appellate jurisdiction of the Courts of Appeal as fixed and established by Section 29 of Article 7 of the Constitution and as therein provided, extends “to all cases, civil and probate, of which the Civil District Court for the Parish of Orleans, or the District Courts throughout the State, have exclusive original jurisdiction, regardless of the amount involved, or concurrent jurisdiction exceeding one hundred dollars, exclusive of interest, and of which the Supreme Court is not given jurisdiction, except as otherwise provided in this Constitution, * * (Emphasis supplied.)
Looking back to the seven classes of cases which we have enumerated as those in which this Court is given jurisdiction, it is apparent that the present suit does not come within any one of those classes. Obviously it does not come within the last six classes nor does it come within the first class for there is no amount in dispute or fund to ■be distributed. As a matter of fact there is no issue in contest and the only matter that is presented to the Court, as is stated in the prayer of the joint petition of the parties is, “A request for adjudication on the validity of the proposed sale of the property involved in this controversy without advertisement as required by Section *18 54 [56] of the City Charter, or as provided by the terms and conditions of the trust agreement.” The parties to the proceeding have a right which can be presented to a court of justice for adjudication and one which can be presented to the proper court under the procedure they have followed and which is outlined by the provisions of Act No. 431 of 1948. Undoubtedly the case is one in which original jurisdiction was vested exclusively in the Civil District Court for the Parish of Orleans and since it is one of which this Court is not given jurisdiction, appellate jurisdiction lies in the Court of Appeal for the Parish of Orleans as provided for in Section 29 of Article 7 of the Constitution.
Whilst the appellate jurisdiction of this Court is not questioned, it is nevertheless the duty of the Court to consider its jurisdiction ex proprio motu.
Convinced as we are, that we are. without jurisdiction and that appellate jurisdiction is vested in the Court of Appeal for the Parish of Orleans it becomes necessary for us to transfer the case to that Court.
It is therefore ordered, pursuant to the provisions of Act No. 19 of 1912 that this case be transferred to the Court of Appeal for the Parish of Orleans, such transfer to be perfected in thirty days; otherwise that this appeal be dismissed and that the costs of this Court be paid by the appellant.